# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO VASQUEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SHERMAN SPEARMAN,<br><br>　　　　Respondent. | Case No. ED CV 15-02599 CAS (AFM)<br><br>**ORDER TO SHOW CAUSE** |

　　　　Petitioner, who currently is confined at a state prison facility in Soledad, California, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein on December 11, 2015 (proof of service date). The Petition is directed to a 2007 judgment of conviction sustained by petitioner in Riverside County Superior Court for various sexual assault crimes.

　　　　Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). *See Calderon v. United States District Court for the Central District of California (Beeler)*, 128 F.3d 1283, 1287 n.3 (9th Cir. 1997). 28 U.S.C. § 2244(d) provides:

"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, it appears from the face of the Petition that petitioner's Petition for Review was denied by the California Supreme Court on June 10, 2009. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was September 8, 2009, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999); *Beeler*, 128 F.3d at 1286 n.2. Moreover, it does not appear that any of the other "trigger" dates under 28 U.S.C. § 2244(d)(1) apply here. *See, e.g., Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to

run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Accordingly, petitioner's last day to file his federal habeas petition was September 8, 2010. None of the habeas petitions that petitioner subsequently filed in the state courts (in 2015) could reinitiate the limitation period. *See, e.g., Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed under state law); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Wixom v. Washington*, 264 F.3d 894, 898-99 (9th Cir. 2001).

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. *See Holland*, 560 U.S. at 629 (*quoting Pace*, 544 U.S. at 418). The Ninth Circuit has held that the *Pace* standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (*quoting Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *see also Waldron-Ramsey*, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances'

necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Here, it does not appear from the face of the Petition or the attachments that petitioner has any basis for equitable tolling of the limitation period. Moreover, as a general matter, neither the lack of legal sophistication, nor the lack of legal training, nor the lack of legal assistance, nor ignorance of the law, constitutes an "extraordinary circumstance" entitling petitioner to any equitable tolling of the limitation period. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of the limitation period did not warrant equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's alleged lack of access to law library materials and resulting unawareness of the limitation period until it was too late did not warrant equitable tolling); *Gazzeny v. Yates*, 2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the AEDPA statute of limitations); *Singletary v. Newland*, 2001 WL 1220738, at *2 (N.D. Cal. Sept. 28, 2001) ("A misunderstanding of the complexities of federal habeas relief is not considered an extraordinary circumstance or external factor for purposes of avoiding an otherwise valid dismissal, as complete illiteracy does not even provide a sufficient basis for equitable tolling."); *Ekenberg v. Lewis*, 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); *Bolds v. Newland*, 1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) ("Ignorance of the law and lack of legal

assistance do not constitute such extraordinary circumstances."); *see also Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (holding that neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling). Moreover, it does not appear that petitioner was pursuing his right diligently so as to warrant application of equitable tolling.

It therefore appears to the Court that, when the original Petition herein was constructively filed on or about December 11, 2015, it was untimely by five years three months.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." *See Nardi v. Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004); *Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, **on or before February 3, 2015**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

Instead of filing a response to the instant Order, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for petitioner's convenience.

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with**

**prejudice for his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon petitioner at his address of record.

DATED: January 4, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE